**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES BRICE,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, FCI FORT DIX,<br><br>    Respondent. | Civil Action No. 23-21140 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

  This matter comes before the Court on Petitioner Charles Brice's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1), which seeks to challenge a prison disciplinary sanction. Following an order to answer, the Government filed a response to the petition (ECF No. 7), to which Petitioner replied. (ECF No. 8.) For the reasons expressed below, Petitioner's habeas petition is denied.

**I.  BACKGROUND**

  Petitioner is a convicted federal prisoner currently imprisoned in Fort Dix. (ECF No. 7-1 at 1-2.) On July 18, 2022, a prison employee conducted a routine shakedown search of the third floor of building 5807, which includes Petitioner's assigned work desk. (ECF No. 7-2 at 12.) During this search, the prison employee "discovered a piece of metal approximately 8 inches long sharpened to a point with yellow tape wrapped around the non sharpened side along with a piece of black material tied to it which was concealed on the inside part of the table leg" of Petitioner's

assigned worktable. (*Id.*) This makeshift stiletto was found in close proximity to Plaintiff's MP3 player, Plaintiff's medication, and a piece of Plaintiff's mail which was found in a drawer in the same table. (*Id.*) "Directly next to the table was a QA certificate which also contained [Petitioner's] information." (*Id.*) As a result of this discovery, Petitioner was charged with the prohibited act of possessing a dangerous weapon. (*Id.*)

On July 19, 2022, Petitioner was provided with written notice of the charges against him, and was advised of his rights during the disciplinary process. (*Id.* at 7-8.) Plaintiff declined to request any witnesses at his upcoming hearing, but did initially request a staff representative. (*Id.*) On August 5, 2022, however, Petitioner withdrew his request for a representative and waived that right. (*Id.* at 9.) After an initial hearing before a unit disciplinary committee, Petitioner's charges were referred to a Disciplinary Hearing Officer ("DHO") for a full disciplinary hearing. (*Id.* at 13-16.)

On August 5, 2022, Petitioner appeared before the DHO for his hearing. At that hearing, the DHO considered the incident report detailing the search on July 17, the photographs of the contraband and Petitioner's worktable in which it was found, prison chain of custody information, and Petitioner's oral and written statements in his own defense. (*Id.* at 1-2.) In his defense, Petitioner essentially contended that the contraband had been planted and that his work area was at least accessible to other inmates who worked in the same building. (*Id.* at 3.) Following this hearing, the DHO found Petitioner guilty of the prohibited fact, relying largely on the report of the prison counselor who conducted the search and the photographic evidence of the search. (*Id.*) The DHO ultimately concluded that, given that the weapon was found concealed at Petitioner's assigned worktable,[1] Petitioner at least constructively possessed the weapon, and Petitioner had

---

[1] Although the DHO directly states in his report that the weapon was found in the leg of Plaintiff's worktable, reciting the facts in the incident report, in his conclusions the DHO misidentifies the

2

failed to provide any real evidence that the weapon had been planted by some other inmate. (*Id.* at 3-4.) Petitioner was therefore sanctioned with the loss of forty days of good time credit, disciplinary segregation for fifty days, and fifty days loss of visiting privileges. (*Id.* at 4-5.) The resulting finding also resulted in the loss of Petitioner's prison job. (ECF No. 1 at 7.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.   DISCUSSION

In his habeas petition, Petitioner argues that the DHO's finding of guilt was not sufficiently supported by the evidence in the record, and that he was therefore denied Due Process when he was sanctioned with the loss of good time credits based on that guilt determination. Because federal prisoners have a statutorily created liberty interest in good time credits they receive during their imprisonment, prisoners do have Due Process rights which may not be impugned during prison disciplinary hearings resulting in the loss of such credits. *Campbell v. Warden Allenwood USP*, 808 F. App'x 70, 72 (3d Cir. 2020) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)). Those rights include at least twenty-four hours advance written notice of the charges, an

---

area as Petitioner's assigned work area. (ECF No. 7-2 at 3-4.) Given the fact that the DHO directly reiterates the incident report, and correctly identifies the location in which the weapon was found multiple times in the report, it is clear that this reference to Petitioner's assigned locker is a simple typographical error and is not the result of the DHO misunderstanding the facts. (*Id.*)

3

opportunity to call witnesses and present documentary evidence, assistance from an inmate representative if the charges are complex or the petitioner illiterate, and a written decision explaining the evidence relied upon and the reasons for the disciplinary action. *Id.*; *See also Wolff*, 418 U.S. at 563-67. Where these Due Process protections have been respected, a prison disciplinary finding will stand on habeas review so long as it is supported by "some evidence in the record." *Campbell*, 808 F. App'x at 72 (quoting *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985)). This standard "is minimal and 'does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence." *Id.* (quoting *Hill*, 472 U.S. at 455). Where contraband is found in an area under an inmate's control, even when that area is accessible to multiple inmates, that alone is sufficient to meet the "some evidence" standard as to each inmate who had access to the area in question as inmates have a responsibility to keep their cells and other controlled areas free of contraband. *See Denny v. Schultz*, 708 F.3d 140, 145-47 (3d Cir. 2013).

In this matter, Petitioner received all the protections required by the Due Process Clause. He was given advance notice of the charges, was provided the opportunity to request witnesses, was permitted to present both his oral and written statements, waived his right to a representative, and was provided with a written decision by the DHO setting forth the reasons for the finding of guilt. As these basic protections were respected, his disciplinary finding will stand so long as it meets the "some evidence" standard – i.e., that there was at least some evidence in the disciplinary record which supports the finding that Petitioner at least constructively possessed the contraband attributed to him. *Id.*

The DHO's decision in this matter clearly meets that requirement. As noted in the DHO report and incident report, the object – in this case a sharpened piece of metal with a tape wrapped "grip" – was found during a prison search of Petitioner's assigned work area in close proximity to

4

Petitioner's MP3 player, medication, and mail. (ECF No. 7-2 at 12.) These facts alone are sufficient to support a finding of constructive possession and to support the DHO's finding that Petitioner committed the prohibited act of possession of a weapon.[2] *Denny*, 708 F.3d at 145-47. As the DHO's report is supported by some evidence in the record, and Petitioner has otherwise failed to show a violation of his Due Process rights, Petitioner's habeas petition is without merit and is denied as such.

---

[2] Petitioner attempts to make much of certain issues in the DHO's report – such as the officer referencing Petitioner's "locker" rather than his worktable – but his contentions ignore that the DHO's report directly references the incident report and positively identifies that the weapon in this matter was found in Petitioner's work area. (ECF No. 7-2 at 3.) The DHO's minor errors in recapitulating the facts do not undercut that the DHO clearly considered the relevant facts, and was aware that the weapon was found concealed in Petitioner's work area rather than in a locked locker. Thus, the alleged error does not undercut this Court's finding that the DHO's conclusions are sufficiently supported by the record of this matter.

Petitioner in his reply also contends that the circumstances of the search are questionable – specifically that a random search should not have occurred at 10:45 p.m., long after the work area was closed for the day, and this fact supports his belief that the weapon was planted and the prison counselor was specifically directed to check Petitioner's work area by whoever planted the weapon. However, these allegations are nothing more than speculation from Petitioner. The evidence indicates only that the weapon was found during a standard shakedown search of the entire floor in which Petitioner's work table sits. There is no evidence in the record to support Petitioner's belief that this was a targeted search following another inmate's jealous attempt at framing Petitioner to take his job. In any event, as the DHO's findings are clearly supported by "some evidence" in the record and Petitioner has not shown any Due Process violation, Petitioner has failed to show any basis for this Court to overturn the DHO's disciplinary ruling.

## IV.   CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED.** An order consistent with this Opinion will be entered.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 Hon. Karen M. Williams,
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 United States District Judge

6